IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Brian McDonald Hamilton, | ) C/A No.  9:13-1929-DCN-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Hampton County Sheriff Department, | ) |
| Defendant. | ) |

Plaintiff, Brian McDonald Hamilton, ("Plaintiff"), a state prisoner in the Perry Correctional Institution of the South Carolina Department of Corrections, in Pelzer, South Carolina, files this action against Defendant, pursuant to 42 U.S.C. § 1983, seeking monetary damages.[1] Plaintiff is proceeding pro se and in forma pauperis, pursuant to 28 U.S.C. §§ 1915 and 1915A.  Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed Plaintiff's Complaint (Complaint, ECF No. 1), in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

## PRO SE AND IN FORMA PAUPERIS REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The in forma pauperis statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a pro se pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

On July 15, 2013, Plaintiff filed a document that he entitled "conditional contract," which has been construed as a Complaint. Plaintiff alleges that, on March 26, 2005, he was arrested by the Hampton County Sheriff's Department, at his home, because of allegations of a burglary. Plaintiff alleges that he was released from the Hampton County Detention Center on March 28, 2005. Plaintiff alleges that he was arrested without a warrant and without probable cause, in violation of his rights under the Fourth and Fourteenth Amendments. Plaintiff seeks compensation of $125,000 for his allegedly

2

unlawful arrest and illegal imprisonment. However, Plaintiff further alleges that he is willing to come to an agreement with the Hampton County Sheriff's Department to drop this civil action, if the Sheriff's Department can prove through authentic documentation that its officers had a right to arrest Plaintiff. Complaint, ECF No. 1, p. 1.

### **DISCUSSION**

As an initial matter, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[2] See Alden v. Maine, 527 U.S. 706, 713 (1999) [immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."]; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 76 (1996) [Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court]; and Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 786 (1991) [Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent]. See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al., 535 U.S. 743, 743, (2002) [state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State].

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v.

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Louisiana, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e., protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.  Thus, the Eleventh Amendment bars such suits unless the State has waived its immunity[3] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity.  When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment.  Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment.  See Quern v. Jordan, 440 U.S. 332, 343 (1979).

Sheriff's Departments in South Carolina are state agencies, not municipal departments.  Edwards v. Lexington Cnty. Sheriff's Dep't, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ["[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees." (citations omitted)]; Allen v. Fid. & Deposit Co., 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) [County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County], aff'd, 694 F.2d 716 (4th Cir. 1982) [Table]; and Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) [suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."].  Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund.  Cromer v. Brown, 88 F.3d at 1332 ["Judgments

---

[3] The State of South Carolina has not consented to suit in a federal court.  See S. C. Code § 15-78-20(e) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."]. Thus, the Hampton County Sheriff's Department is immune from suit for damages in this case under the Eleventh Amendment. This analysis would also apply employees of the Hampton County Sheriff's Department, acting in their official capacity. See Blankenship v. Warren County, Va., 918 F. Supp. 970 (W.D.Va. 1996) [Virginia sheriffs entitled to Eleventh Amendment immunity]; Nelson v. Strawn, 897 F. Supp. 252 (D.S.C. 1995) [South Carolina sheriffs entitled to Eleventh Amendment immunity]; Levinson-Roth v. Parries, 872 F. Supp. 1439 (D.Md. 1995) [Maryland sheriffs entitled to Eleventh Amendment immunity]; Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) [South Carolina Sheriffs are State agents and are not amenable to suit in federal court by virtue of the Eleventh Amendment].

## **RECOMMENDATION**

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 15, 2013                              s/Bruce Howe Hendricks
Charleston, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

6